# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

Carl Frederick Stephens, *registered trade name/business entity*, and

Stephens, Carl Fredrick, *registered trade name holder and real party in interest*,

               **Plaintiffs,**

v.

        Case No:   **6:17-cv-530-Orl-41KRS**

Clayton Simmons, *in his personal capacity*, and Jane Doe Simmons, *husband and wife and their marital community*, and

Phil Archer, *in his personal capacity*, and Jane Doe Archer, *husband and wife and their marital community*,

               **Defendants.**

---

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PAYMENT (Doc. No. 2)** |
| **FILED:** | **March 24, 2017** |

### I.    PROCEDURAL HISTORY.

On March 24, 2017, Plaintiff, Carl Fredrick Stephens, filed a complaint asserting claims against Defendants "Clayton Simmons, in his personal capacity and Jane Doe Simmons, husband and wife and their marital community" and "Phil Archer, in his personal capacity, and Jane Doe

Archer, husband and wife in their marital community." Doc. No. 1. On the same day, he filed an Application to Proceed Without Prepayment of Fees, which I construe as a motion to proceed *in forma pauperis*. Doc. No. 2. That motion has been referred to me, and it is now ripe for review.

## II.    PLAINTIFF'S COMPLAINT.

Stephens's complaint consists of a document titled "Verified Amended[1] Complaint" (Doc. No. 1) and approximately 75 pages of attachments, which include: (1) a "Declaration of Ownership," birth certificate, and related documents, apparently intended to show that he is the "highest title holder of the 'CARL FREDRICK STEPHENS ESTATE,' being he is the highest title holder of the birth certificate of title bearing the name 'CARL FREDRECK STEPHENS' and all assets associated therein, and is the true heir and intended beneficiary of the legal estate identified by the attached authenticated Birth Certificate" (Doc. No. 1 ¶ 7; Doc. No. 1-1); (2) various documents sent to Archer and Simmons that purport to embody some sort of private "administrative process" pursuant to which Stephens now apparently seeks recovery (Doc. No. 1-2, at 1-17, 45-53; Doc. Nos. 1-3, 1-4, 1-5, 1-6); (3) documents related to Stephens's conviction and sentencing for certain crimes (*id.* at 18-52); and (4) a certificate from the Florida Department of State showing that an Application for Registration of Fictitious Name of CARL FREDRICK STEPHENS was submitted on November 6, 2015 (Doc. No. 1-7).

The complaint and its attachments provide scant factual content, and the legal theories presented are largely incomprehensible. However, as best as I can determine, Stephens considers

---

[1] It is unclear why Stephens has labeled this document an "amended" a complaint. I take judicial notice of the contents of the docket of the criminal case referenced in Stephens's papers—Seminole County Case No. M98-003569CFA. The online docket for that case appears to show that, prior to instituting this federal court action, Stephens filed some of the documents attached to his current complaint in his state court criminal case and that the state criminal court struck those documents. *See* http://www.seminoleclerk.org/CriminalDocket/case_detail.jsp?CaseNo=591998CF003569A (last visited April 7, 2017). Thus, it may be that Stephens intends this federal court action to be a continuation of those state court efforts.

himself to be a "one of the sovereign people," who is not subject to the laws of the United States or any of the states. *See, e.g.*, Doc. No. 1 ¶ 8 ("Carl Fredrick is a private, non-statutory, non-citizen, de jure American in the de jure original jurisdiction, not a 'person,' not a 'resident,' not a 'citizen,' [and] not named in any U.S. or state 'code' . . . ."); Doc. No. 1-2, at 7 (Claimant/Real Party in Interest Carl Fredrick Stephens, a private, unincorporated, non-citizen American, one of the sovereign people and not a U.S. citizen/subject or citizen belonging to the United States . . . .). Stephens was convicted, after entering pleas of guilty, of 20 counts of lewd or lascivious conduct upon or in the presence of persons less than 16 years of age in the spring of 2000. Doc. No. 1-2, at 18-20. He was sentenced to 8 years of imprisonment for each count in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, with the sentences running concurrently. *Id.* at 21-39. The sentence was withheld as to one of those counts, and the court sentenced Stephens to 15 years of probation, to be served after the completion of his prison term for the other counts. *Id.* at 40-44. It appears that Stephens is not still in custody.[2]

In September 2016, Stephens initiated what he has termed an "administrative process" against Simmons and Archer. It appears that Defendant Clayton Simmons is a former judge of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.[3] Defendant Phil Archer is the State Attorney for the Eighteenth Judicial Circuit for Brevard and Seminole Counties. *See* http://sa18.org (last visited April 7, 2017). It is unclear if Simmons or Archer had

---

[2] Although his complaint and attachments make statements suggesting that he may still be in custody, *see, e.g.*, Doc. No. 1-2, at 3 ("I am currently in prison as a result of Rights violations"), 14 (claiming entitlement to $5 million for 19 years of "wrongful imprisonment"), 16 ("I require to be immediately released from prison and all conditions of supervision"), his current mailing address does not appear to be a prison, and his 8-year sentence should have been completed years ago. In addition, his complaint does not repeat his requests to be released from custody.

[3] Some of Stephens's papers identify Simmons as "presiding judge" and direct mailings to the Clerk of Court at the Circuit Court in Sanford, Florida. *See, e.g.*, Doc. No. 1-2, at 1. However, that court's website does not currently identify Simmons as an active judge. *See* http://flcourts18.org/?page_id=228 (last visited April 7, 2017).

any personal involvement with Stephens's prosecution and conviction, or if they are merely individuals whom Stephens considers to be "successors" to the judge and prosecutor who were involved in his case. *See, e.g.*, Doc. No. 1-2, at 3-4 ("I am currently in prison as a result of Rights violations committed under color of law by the above official actors or their predecessors, whereby the Respondents have the authority to correct the results of the unlawful acts committed by their predecessors, and whereby failure to correct makes the Respondents just as guilty as the officers who perpetrated the crimes.").

Stephens initiated his "administrative process" against Simmons and Archer in September 2016 by sending them a document titled "Criminal Complaint & Affidavit of Obligation for Claim Upon Public Hazard Bonds Demand for Release." *Id.* at 3-53. The document further explains, "This is a Private Notice of Claim in the Admiralty, Without the United States." *Id.* at 3. The legal theories supporting this document are almost incomprehensible[4] and entirely frivolous. Essentially, the document accuses Simmons and Archer of wrongdoing, claims entitlement to $123,840,000.00 for this alleged wrongdoing, and claims that—if Simmons and Archer fail to respond to the document within 30 days of receipt—Stephens's claim will become a lien against their public hazard bonds (and also "an accounts receivable" which is subject to collection). *See generally* Doc. No. 1-2.

Simmons and Archer failed to respond to Stephens's claim, so Stephens sent them a "Notice of Fault [and] Opportunity to Cure" in November 2016. Doc. No. 1-3. The document states that, by failing to respond to Stephens's claim, Simmons and Archer have stipulated to all the facts in the

---

[4] For example, Appendix A to the document states that Stephens does not rely on Title 15 of the United States Code as a basis for the claim. Instead, it says that the legal authority for the document is "Universal moral/existential truths, principles, expressed in Judaic (Mosaic) Orthodox Hebrew/Jewish Commercial Code, corollary to Exodus (chiefly Exodus 20:15, 16). This is the best known Commercial process in America." Doc. No. 1-2, at 17.

claim and confessed judgment in the amount of $123,840,000.00. It purports to give them 10 days to cure their liability by rebutting the original claim and states that failure to cure will constitute a final admission to all the allegations in Stephens's claim. *Id.* Simmons and Archer failed to respond to the Notice of Fault, so Stephens sent them a "Notice of Default & Certificate of Dishonor Administrative Judgment Nihil Dicit." Doc. No. 1-4. This document further clarifies that it is, "Private Administrative Process—Not for Public Filing." *Id.*, at 4. The document purports to be—in essence—a default judgment in which "Public Minister" and "Private American within a non-military occupied private estate not subject to the jurisdiction of the 'United States,'" Eileen Raye, enters judgment against Simmons and Archer in the amount of $123,840,000.00. *Id.*

Thereafter, Stephens filed his complaint with this Court. Again, the legal theory behind his complaint is difficult to discern, but it appears that he wants the Court to enforce the judgment he obtained through his private "administrative process" (*see* Doc. No. 1 ¶¶ 33-37)) or possibly to enforce that judgment on the theory that his claim has been reduced to a breach of contract (*id.* ¶¶ 14, 37).

### III.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning

of § 1915(e)(2)(B), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490

U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if an affirmative defense, such

as expiration of the statute of limitations, would defeat the action. *Clark v. State of Ga. Pardons &*

*Paroles Bd.*, 915 F.2d 636, 640 and n.2 (11th Cir. 1990) (citing several examples).

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court

may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter

jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing

*Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)) (cited as persuasive authority). "[I]t

is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction,

doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d

1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court

must inquire into its subject-matter jurisdiction, even when a party has not challenged it. *See, e.g.*,

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## IV.    ANALYSIS.

I recommend that the Court deny Stephens's motion to proceed *in forma pauperis* and

dismiss his complaint. First, it does not appear that there is a basis for the Court to exercise subject

matter jurisdiction over this action. Stephens has not formally invoked the Court's diversity

jurisdiction under 28 U.S.C. § 1332, but it appears that it is inapplicable because Stephens has

provided a Florida address (likely making him a citizen of Florida) and Archer, as the current State

Attorney for the Eighteenth Judicial Circuit for Brevard and Seminole Counties, is likely also a

Florida citizen. [5] I can also discern no basis for the Court to exercise its federal-question

---

[5] Stephens does claim that he is "diverse from the STATE OF FLORIDA and the UNITED STATES INC. and their corporate actors" because he is a "private, non-statutory, non-citizen, de jure American in the de jure original jurisdiction, not a 'person,' not a 'resident,' not a 'citizen,' not named in any U.S. or state 'code,' and not a 'person' as defined in the Trading With the Enemy Act (TWEA) as modified by the

jurisdiction.[6]  It appears that Stephens is asking the Court to review and ratify his private "administrative process" and/or to hold Defendants liable for breach of contract. Such claims do not arise "under the Constitution, laws, or treaties of the United States" so as to bring this case within the jurisdiction granted by 28 U.S.C. § 1331.[7]  Therefore, his complaint should be dismissed for lack of subject matter jurisdiction.

Second, even if the Court construes Stephens's complaint in an exceedingly lenient fashion and reads it as a claim under 42 U.S.C. §1983,[8] the complaint would be due to be dismissed as

---

Emergency Banking Relief Act (EBRA)."  Doc. No. 1 ¶ 8.  Such a claim is plainly frivolous.  Regardless, as the plaintiff in this case, Stephens bears the burden of adequately pleading the basis for the Court's jurisdiction, and he has not adequately alleged that the parties are completely diverse.

[6] To the extent that Stephens is actually trying to register the "judgment" he received from Public Minister Eileen Raye, such an attempt is inappropriate.  The registration of foreign judgments is governed by 28 U.S.C. § 1963, which allows a judgment "entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade" to be registered by filing a certified copy of the judgment in any other district.  Stephens's "judgment" does not qualify under this provision because it was created solely through correspondence with Simmons and Archer and was not "entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade." *See Chrystal v. Stovash, Case & Tingley, P.A.*, No. 6:10-mc-51-Orl-31KRS, Doc. No. 2 (M.D. Fla. May 24, 2010) (striking a similar judgment offered for registration because it was obtained solely through correspondence and did not qualify as a "judgment" under 28 U.S.C. § 1963).

[7] Stephens's complaint asserts that he is bringing a civil action authorized by 42 U.S.C. §§1981 and 1985(3), but those provisions are wholly inapplicable to this case.  Section 1981 provides a private cause of action if a person is deprived of the right to "make and enforce contracts, to sue, be [a party], give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens," but neither Stephens's complaint nor its attachment contain any allegations of race discrimination.  Likewise, Section 1985(3) provides a private right of action if two or more persons conspire: (1) to deprive any person of the equal protection of the laws or of equal privileges and immunities under the laws; (2) for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; (3) to prevent by force, intimidation, or threat any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner in connection with certain elections; or (4) to injure any citizen in person or property on account of such advocacy.  Stephens's complaint and its attachments are devoid of any factual allegations supporting such a claim.  Stephens also invokes the Declaratory Judgment Act (22 U.S.C. §§ 2201 and 2202) and the Court's authority to issue injunctions under Federal Rule of Civil Procedure 65, as well as some miscellaneous statutes (28 U.S.C. §§ 2283 and 2284) (*see* Doc. No. 1 ¶ 2), but none of those authorities provide an independent basis of federal-question jurisdiction.

[8] Stephens's complaint does not mention any criminal statutes, but the attachments to his complaint do accuse Simmons and Archer of committing a laundry-list of federal crimes. *See* Doc. No. 1-2.  Stephens cannot, however, institute or pursue a criminal action in his own name, and he has no right to demand that a criminal prosecution be instituted by the responsible authorities. *See Fretwell v. Arrant*, Case No. 5:08cv56/RS-EMT, 2009 WL 2168697 at *4 (N.D. Fla. July 17, 2009) (citing *Linda R.S. v. Richard D.*, 410

frivolous.  Although his complaint and its attachments are not models of clarity, it is apparent that

Stephens is attempting to seek a sizeable monetary judgment from a judge and a prosecutor for their

role in his prosecution and conviction for crimes.   Judges and prosecutors are, however, absolutely

immune from damages under 42 U.S.C. § 1983 for actions taken in the performance of their judicial

or prosecutorial duties.  *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349 (1978) (judge); *Imbler v.*

*Pachtman*, 424 U.S. 409 (1976) (prosecutor).[9] And, even if that were not the case, the statute of

limitations for § 1983 actions in Florida is four years.   *See McNair v. Allen*, 515 F.3d 1168, 1173

(11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985)) ("All constitutional claims

brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury

actions in the state where the § 1983 action has been brought."); *Sneed v. Pan Am. Hosp.*, 370 F.

App'x 47, 48 (11th Cir. 2010) (per curiam) (citing, *inter alia*, Fla. Stat. § 95.113(3)(p)) (cited as

persuasive authority) ("In Florida . . . , the governing limitations period is four years.").   Stephens

is complaining about his prosecution for and conviction of crimes in 2000, and such claims are

clearly time-barred.   Finally, even if absolute immunity and the statute of limitations were not bars

to a § 1983 claim, any claims Stephens makes that his constitutional rights were violated are legally

frivolous and due to be dismissed.[10]

---

U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988)).  Accordingly, any criminal claims are due to be dismissed because they fail to state a claim and are legally frivolous.

   [9] It is for this same reason that, when confronted with false commercial liens filed against judges and prosecutors (such as that purportedly created by Stephens's private administrative process), courts have universally declared those liens null and void.  *See Monroe v. Beard*, 536 F.3d 198, 202 n. 2 (3d Cir. 2008) (collecting cases).

   [10] Stephens's complaint does not mention any specific constitutional violations.   The attachments to the complaint refer to "rights violations" and "due process" violations, as well as violations of the Sixth and Fourteenth Amendments.   The substance of these claims appears to be that Stephens contends he was not properly convicted under Florida law because: (1) he is not a "person" within the meaning of any applicable statutes; (2) all the codes the state court purported to apply were not applicable because the State never introduced a contract showing that he had agreed to be bound by the codes; (3) the State had no standing to prosecute him because it was not injured by his actions; and/or (4) the State had no standing to prosecute him because it was bankrupt and, thus, only the bankruptcy Trustee could prosecute claims in its name.   Doc.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim that is within this Court's subject-matter jurisdiction and on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In this case, however, I recommend that the Court find that leave to amend would be futile because Stephens' claims are wholly insubstantial and frivolous. *See Linge v. State of Ga., Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (cited as persuasive authority).

## V. RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint, **DENY** the motion to proceed *in forma pauperis* (Doc. No. 2) and **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 10, 2017.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

No. 1-2. Such claims are legally frivolous and cannot form the basis of a cognizable § 1983 claim.